# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
### (Western Division at Columbus)

| | | |
|---|---|---|
| **ALICIA T. HEALY** <br> **721 Bulen Avenue** <br> **Columbus, Ohio 43205** | : <br><br> : | CASE NO. _____ |
| Plaintiff, | : | JUDGE _____ |
| vs. | : | |
| **PLANNED PARENTHOOD OF** <br> **GREATER OHIO** <br>    Serve:  IRIS E. HARVEY <br>         206 East State Street <br>         Columbus, Ohio 43215 | : <br><br> : | **COMPLAINT FOR MONEY** <br> **DAMAGES** |
| | : | **JURY DEMAND REQUESTED** |
| **PLANNED PARENTHOOD - EAST** <br> **COLUMBUS SURGICAL CENTER** <br> **3255 East Main Street** <br> **Columbus, Ohio 43213** | : <br><br> : | |
| | : | |
| **CITY OF COLUMBUS** <br>   **a Political Subdivision of the State of Ohio** <br> **Serve:  ZACH KLEIN** <br>        77 N. Front Street <br>        Columbus, Ohio 43215 | : <br><br> : | |
| | : | |
| **OFFICER EDWARD CHUNG** <br> **City of Columbus Police Department** <br> **120 Marconi Blvd.** <br> **Columbus, Ohio 43215** | : <br><br> : | |
| | : | |
| **JOHN DOES ONE THROUGH FIVE** <br> Identities and Addresses Unknown | : | |
| **Defendants** | : | |

## INTRODUCTION

1. This is a civil action for money damages brought pursuant to 42 U.S.C. §1983 by Plaintiff Alicia Healy and arising from her May 1, 2020, unlawful arrest and subsequent prosecution. The constitutional violations alleged herein originated when Plaintiff was arrested while peacefully and lawfully praying/demonstrating outside of a Columbus Abortion Center known as Planned Parenthood - East Columbus Surgical Center. Plaintiff asserts the violation of her rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution.

## JURISDICTION AND VENUE

2.1  This Court has jurisdiction of this action under 28 U.S.C. §1331, 28 U.S.C. §1343(a) and 42 U.S.C. §1983.

2.2  Venue is proper in this judicial district because one or more of the Defendants reside or have their principle place of in this judicial district, and also because the conduct that caused the constitutional violations occurred in this judicial district.

## PARTIES

3.1  Plaintiff Alicia Healy is a resident of Columbus, Ohio and a citizen of the United States of America.

3.2  Defendant Planned Parenthood of Greater Ohio (hereinafter "Planned Parenthood") is registered as a not-for-profit corporation in the State of Ohio and operated Defendant Planned Parenthood - East Columbus Surgical Center at all times relevant to this Complaint.

3.3     Defendant Planned Parenthood - East Columbus Surgical Center (hereinafter "PP Surgical Center") was a free-standing surgical facility that performed elective abortions for women at all times relevant to this Complaint.

3.4     Defendant Edward Chung was a police officer employed by the City of Columbus Police Department but working for Planned Parenthood at all times relevant to this Complaint.

3.5     Defendant City of Columbus is a municipal corporation located in Franklin County, Ohio, and was the employer of Defendant Edward Chung at all times relevant to this Complaint.

3.6     Defendants John Does One Through Five are persons or entities whose identities are not yet known to Plaintiff but who may be revealed as participants, directly or indirectly, in the constitutional violations alleged herein.

## OPERATIVE FACTS

4.1     Plaintiff fully incorporates the allegations stated in Paragraphs One through 3.6 above, and further states the following.

### Alicia Healy's First Visit to the PP Surgical Center.

4.2     On May 1, 2020, Plaintiff Alicia Healy travelled from her Columbus, Ohio, residence to engage in prayer at the PP Surgical Center located at 3255 East Main Street in Columbus, Ohio.  The PP Surgical Center was open for business that day, thereby extending to the Healy and other members of the general public an implied invitation and a legal privilege to enter the property.

4.3   Healy had never previously been present at the PP Surgical Center but chose to do so on May 1, 2020, at the invitation of another anti-abortion (pro-life) activist known to her.  Healy's intended to pray for everyone involved with abortion, including mothers and fathers considering abortions at the PP Surgical Center.

4.4   There were a dozen or more other pro-life demonstrators present at the PP Surgical Center when Healy arrived.  After spending time praying and conversing with others on the public sidewalk, Healy decided to walk in prayer around the PP Surgical Center (a "Jericho walk").  Healy's prayer was vocal prayer and including singing. Healy's path followed the public right of way on three sides of the building and crossed a grassy lot on the fourth side.

### The Grassy Lot West of the PP Surgical Center.

4.5   The grassy lot, which was located on the west side of the PP Surgery Center building, connected a small parking area abutting the alleyway south of the building to the public sidewalk on East Main Street north of the building.  Although there were *No Trespassing* signs posted on several sides of the building and on a tall fence along East Main Street, there were no signs on or around the grassy lot providing notice to Healy (or any member of the public) that the grassy lot was owned by the PP Surgical Center or Planned Parenthood.

4.6   The width of the grassy lot ran north from the PP Surgical Center right up to the neighboring building (15 to 20 yards away) occupied by another business.  No objective, uninformed viewer could know whether the grassy lot belonged to the PP Surgical Center or to the other business, nor was there any kind of visible marker that

would reveal the property line dividing the PP Surgical Center from the other business. In fact, the tall iron fence that runs north-south along the public right-of-way on East Main Street in front of and clearly owned by the PP Surgical Center (displaying a *No Trespassing* sign), and separating the public right-of-way on East Main Street from the PP Surgical Center parking lot, ends in alignment at the north end of the PP Surgical Center building, thereby providing a "visual suggestion" to members of the public that the PP Surgical Center property does <u>not</u> extend into the grassy lot.

4.7   Anti-abortion activists who had regularly spent time praying and demonstrating outside of the PP Surgical Center would regularly observe people walking across the grassy lot without incident and undisturbed by PP Surgical Center security guards. Alternatively, on occasions when anti-abortion activists did observe a PP Surgical Center security guard addressing people walking across the grassy lot, the security guard would simply inform them that they were not allowed on that property (in the nature of a warning) but would not otherwise interfere with or arrest them.

### The Arrest of Alicia Healy on May 1, 2020.

4.8   On May 1, 2020, as Healy traversed the grassy lot, she did not know or believe that it belonged to the PP Surgical Center or Planned Parenthood, believing instead that it was a vacant lot and/or part of the public right-of-way. Healy never intended to walk on property owned by Planned Parenthood/PP Surgical Center, and would have deliberately avoided walking any such property had she known it.

4.9   As Healy was about to complete her first "Jericho walk" across the grassy lot, she was approached by an "escort" of the PP Surgical Center who informed Healy

that she was not allowed on the grass. The escort then summoned Defendant Chung, an armed and fully uniformed City of Columbus Police Officer working private security duty for Planned Parenthood/PP Surgical Center that day. Chung approached Healy after she returned to the sidewalk and stated (falsely) that he had previously warned her to stay off the property. Chung would not accept Healy's statement that she had never been there before, opting instead to seize her by the arm and lead her from the public sidewalk back onto the PP Surgical Center property. Chung was aggressive with Healy, persistently keeping his hands all over her in a manner that was both unnecessary and offensive. Chung soon placed Healy into handcuffs and held onto her in the PP Surgical Center's parking lot.

  4.10 Meanwhile, other demonstrators witnessing the arrest from the sidewalk were exhorting Defendant Chung to think about what he was doing and to release Healy. They specifically reminded Chung that Healy had never been there before and that he had always given warnings to people crossing the grassy lot, without arrests.

  4.11 Ignoring those warnings and failing to confirm that Healy had no history at the PP Surgical Center, Chung continued to maintain physical control over Healy in handcuffs. Chung eventually called for an **on-duty** Columbus Police Officer and placed Healy into the police cruiser for at least 10 to 15 minutes, all in full view of the others in the vicinity. After approximately 30-45 minutes of detention, Healy was finally released from custody.

**The Criminal Charge Filed by Defendant Chung Against Alicia Healy.**

4.12   On May 4, 2020, Defendant Chung initiated a criminal proceeding against Healy by filing a Complaint in the Franklin County Municipal Court, Case No. 2020 CRB 006705, accusing Healy of committing Criminal Trespass at the PP Surgical Center in violation of Columbus City Code 2311.21.  As a result of that criminal charge, Healy was required to engage legal counsel and to appear in court with her attorney on June 29, 2020, July 24, 2020, and September 14, 2020.

4.13   On September 14, 2020, Case No. 2020 CRB 006705 was dismissed by the Franklin County Prosecuting attorney without trial, said dismissal constituting the final disposition of the criminal charge.

**Damages Suffered by Plaintiff Healy**

4.14   As a direct and proximate result Defendant Chung's conduct, as authorized by and in concert with Planned Parenthood and the City, Healy suffered a violation of her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as emotional distress, humiliation, embarrassment, inconvenience, loss of liberty, significant harm to her reputation in the community.

4.15   The arrest and pending criminal charge were particularly damaging to Healy's reputation in the context of her 2020 campaign for Chairman of the Franklin County Republican Party because they were openly used by Healy's opponents in the Republican Party as a reason why people should not vote for her.  Healy ultimately lost the election and cannot know the extent that her reputation has been permanently damaged in the political realm and in the community generally.

4.16  Healy also incurred attorney fees in excess of $5,000 for her defense of the criminal charge.

## Additional Allegations Relevant to Defendants' Liability

4.17  Plaintiff fully incorporates the allegations stated in Paragraphs One through 4.16 above, and further states the following.

4.18  Defendants City of Columbus and Chung, acting in his capacity as a uniformed City police Officer, were state actors acting under color of law at all times relevant to this Complaint.

4.19  Defendants Planned Parenthood and PP Surgical Center were state actors acting under color of law at all times relevant to this Complaint by virtue of their concerted action and contractual relationship with Defendants City of Columbus and Chung.

4.20  Defendants' mistreatment of Healy, an African-American woman speaking out against abortion, was motivated in part by Healy's race.  Planned Parenthood organizations, in Ohio and elsewhere, are known for targeting poor black mothers for abortions.  Consequently, the presence of an African-American woman demonstrating against abortion outside of Planned Parenthood clinics is harmful to the Planned Parenthood business model.

4.21  Defendants' mistreatment of Healy, singling her out for an arrest without warning in contrast to how they have treated others who traverse the grassy lot, constituted retaliation against Healy for the manner and content of her speech.

4.22  All of the conduct of Defendant Chung, acting as an agent of Defendants Planned Parenthood and/or PP Surgery Center while confronting and arresting Healy, was objectively unreasonable and in violation of Healy's clearly established constitutional rights.

4.23  The conduct of Defendant Chung in confronting and arresting Healy was subjectively and objectively unreasonable, malicious, in bad faith, lacking in probable cause, and in reckless disregard of Healy's rights.

**Specific Allegations Relevant to Municipal Liability.**

4.24  Plaintiff fully incorporates the allegations stated in Paragraphs One through 4.23 above, and further states the following.

4.25  Defendant City of Columbus ("City") is a political subdivision of the State of Ohio.

4.26  All of the conduct of Defendant Chung was performed pursuant to the City's officially promulgated policies, customs and practices, and particularly those authorizing and governing the employment of off-duty City police officers to provide security for private sector businesses.

4.27  Those official policies, customs and practices empowered Defendant Chung to serve the desires of Planned Parenthood/PP Surgical Center to target, suppress, and harass the pro-life activists who are present outside of the facility, a direct cause and moving force behind Defendant Chung's treatment of Healy.

9

## FIRST CLAIM FOR RELIEF
### Fourth Amendment: Unlawful Seizures of Person

5.1   Plaintiff fully incorporates the allegations in Paragraphs One through 4.27 above, and further states the following.

5.2   Plaintiff Alicia Healy was subjected to a warrantless, unreasonable and unconstitutional seizure and arrest against her will and without her consent as a direct result of the individual and concerted acts and omissions of the Defendants, all without probable cause and without legal process, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, all of which gives rise to a claim for money damages under 42 U.S.C. §1983.

## SECOND CLAIM FOR RELIEF
### First Amendment: Violations of Free Speech and Free Assembly

6.1   Plaintiff fully incorporates the allegations in Paragraphs One through 5.2 above, and further states the following.

6.2   Plaintiff Alicia Healy was subjected to a deprivation of her rights to freedom of speech, freedom of assembly, and freedom of religion as a direct result of the individual and concerted acts and omissions of the Defendants, in violation of the First and Fourteenth Amendments to the United States Constitution, all of which gives rise to a claim for money damages under 42 U.S.C. §1983.

## THIRD CLAIM FOR RELIEF
### Fourteenth Amendment:  Violation of Equal Protection

7.1   Plaintiff fully incorporates the allegations in Paragraphs One through 6.2 above, and further states the following.

7.2   The concerted acts and omissions of the Defendants as described above, including the discriminatory enforcement actions of Defendant against Plaintiff in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution, give rise to a claim for money damages under 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff prays for the following relief:

A.   At least nominal damages for each constitutional violation alleged herein;

B.   Compensatory damages against each Defendant for actual injury suffered by Plaintiff in an amount to be determined at trial;

C.   Punitive damages against all Defendants (except City of Columbus) in an amount to be determined at trial;

D.   Reasonable attorney fees and costs of this litigation;

E.   Any such other relief, both legal and equitable, to which they may be entitled.

Respectfully submitted,

/s/ Thomas W. Condit_____
Thomas W. Condit (0041299)
P.O. Box 12700
Cincinnati, Ohio 45212
Tel:  (513) 284-9260
Fax:  (513) 731-7230
E-mail:  twcondit@fuse.net
**Trial Attorney for Plaintiff**

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised herein.

/s/  Thomas W. Condit
Thomas W. Condit, Attorney

11