IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alicia T. Healy,

                Plaintiff,

v.

Planned Parenthood of Greater Ohio, et al.,

                Defendants.

Case No. 2:22-cv-2074

Judge Graham

Magistrate Judge Vascura

<u>Opinion and Order</u>

    Plaintiff Alicia Healy was arrested for criminal trespass on May 1, 2020 while protesting outside a Planned Parenthood clinic in Columbus, Ohio. She alleges that Planned Parenthood hired an off-duty City of Columbus police officer, defendant Edward Chung, to provide "private security duty" on that day when a dozen or more protestors were present. Compl., ¶ 4.9. Officer Chung arrested Healy after she was observed performing a protest walk, by herself, in which she crossed an area of grass that was on Planned Parenthood's property.

    Plaintiff alleges that Officer Chung lacked probable cause to arrest her because she was unaware the grassy area belonged to Planned Parenthood. *See* Columbus City Code 2311.21(A)(1) (providing that it is a trespass to "knowingly enter or remain on the land or premises of another" without privilege to do so). The complaint asserts claims under 42 U.S.C. § 1983 against Officer Chung and the City of Columbus for violations of plaintiff's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

    The complaint asserts the same § 1983 claims under against Planned Parenthood of Greater Ohio and Planned Parenthood – East Surgical Center. This matter is before the Court on Planned Parenthood's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Planned Parenthood's argument is straightforward: it cannot be held liable under § 1983 because it did not act under the color of state law.

I.

    Under Rule 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-

pleaded material allegations in the complaint as true. *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56. The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 (a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"). Plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3.

When the complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

II.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State. or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (internal quotation marks omitted). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

Plaintiff admits that Planned Parenthood is a private entity. The complaint alleges that Planned Parenthood of Greater Ohio is a not-for-profit corporation registered in the state of Ohio. Compl., ¶ 3.2. The complaint nonetheless asserts that Planned Parenthood is a "state actor[] acting under color of law." *Id.*, ¶ 4.19.

2

In order for a private entity to "act under color of state law," "its actions [must] so approximate the state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The issue of whether a private entity's actions are fairly attributable to the state is a question of law for the court's determination. *See Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

The Sixth Circuit has recognized limited circumstances where a private party's conduct may be fairly attributable to the State. *See Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014). These circumstances are referred to as: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test.[1] *Id.* In its motion to dismiss, Planned Parenthood argues that none of these tests are satisfied by the sparse facts alleged in the complaint.

In response to the motion to dismiss, plaintiff does not discuss any of the four tests for determining whether private actions may be fairly attributable to the state. Plaintiff instead offers what she calls a "concerted action test." In her view, it is enough to impose § 1983 liability on Planned Parenthood if it engaged in joint action with Officer Chung. She argues that the complaint sufficiently alleges joint action because Planned Parenthood entered into a contract with Officer Chung to provide security.[2]

It appears that plaintiff's concerted action test is another way of her saying "conspiracy." The case she cites as authority for the test, *Memphis, Tenn. Area Local*, 361 F.3d at 905, discusses cooperation or concerted action in the context of civil conspiracy. The court held that the tests enumerated above (public function, etc.) do not apply if there are allegations of a conspiracy

---

[1] The public function test examines whether a defendant exercises "powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *Marie*, 771 F.3d at 362. The state compulsion test looks to whether the state exercises "such coercive power or provide[s] such significant encouragement" over a private entity's actions that the actions should be ascribed to the state. *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The symbiotic relationship tests asks whether a close nexus or "intimate involve[ment]" exists "between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* The entwinement test concerns whether the private entity is "entwined with governmental policies" or the government is "entwined in [the private entity's] management or control." *Marie*, 771 F.3d at 363.

[2] For purposes of the present motion only, the Court assumes that Officer Chung acted under the color of state law when he arrested plaintiff. *See Memphis, Tennessee Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004) (discussing the difficulty of dealing with "blurred" lines in determining if an off-duty police officer is acting under the color of state law).

between the state and private actors. *Id.* "'If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983.'" *Id.* (quoting *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000)); *accord Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989) (holding that individuals who conspire with a state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability); *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020).

The complaint does not assert a civil conspiracy claim, nor does it mention the word "conspiracy." In that regard, plaintiff has failed Rule 8's notice pleading standard. *See* Fed. R. Civ. P. 8(a). But even if the complaint could be liberally construed to be asserting a conspiracy claim, it falls well short of the standard for pleading such a claim.

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 944–45 (6th Cir. 1985). "[I]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016). In order to establish a civil conspiracy, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirators shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Hooks*, 771 at 944.

The complaint does not contain allegations supporting a plausible inference that Planned Parenthood and Officer Chung had an agreement to deprive plaintiff of her constitutional rights. Plaintiff argues that Planned Parenthood and Officer Chung had an agreement or plan because they entered into a contractual relationship. However, their contract for Officer Chung to provide security services is not the type of plan with which § 1983 conspiracy law is concerned. The plan must be to deprive an individual of her federally-protected rights, privileges or immunities. *See Shumate v. City of Adrian, Michigan*, 44 F.4th 427, 439 (6th Cir. 2022) (citing 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3)).

Plaintiff contends in her brief that "anyone watching America's abortion drama for the past 50 years **knows** that confronting/arresting people like Healy is exactly why Chung was hired." Doc. 16, p. 12 (emphasis in original). Counsel's speculation in a legal brief about Planned Parenthood's motive does not serve as an adequate substitute for well-pleaded allegations of a shared conspiratorial objective to unlawfully arrest Healy or burden her rights of free speech.

4

Finally, as proof of a plan, plaintiff points to the complaint's allegation that a Planned Parenthood employee "summoned" Officer Chung before he arrested plaintiff. Compl., ¶ 4.9. The complaint alleges that a Planned Parenthood "escort" approached Healy as she was walking across the grass and informed her that she was not allowed there. *Id.* The escort "then summoned Defendant Chung," who approached Healy once she was on the sidewalk. *Id.* Healy tried to explain to Officer Chung that she had never been to the clinic before and was unaware that the grassy area belonged to Planned Parenthood. *Id.* Officer Chung allegedly refused to believe Healy and put her in handcuffs. *Id.* The complaint does not allege that the escort and Officer Chung had any agreement before or during the incident.

Without more, these allegations do not support an inference that Planned Parenthood and Officer Chung had a plan to deprive Healy of her rights. As alleged in the complaint, the conduct of the escort was to inform or alert Officer Chung to an observed incident of trespassing. There are no allegations of a preexisting plan or implicit understanding between the escort and Officer Chung. It is well-established that a citizen does not open himself up to § 1983 conspiracy liability simply by "providing information to the police." *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken "under color of law."). Moreover, "asking police to arrest someone" is not "enough to constitute a conspiracy between the private and state actors." *Dressler v. Rice*, 739 Fed. App'x 814, 823 n.6 (6th Cir. 2018). *See also Weser*, 965 F.3d at 517 (holding that a private citizen was not subject to § 1983 liability even if she "deliberately lied in her statements" to the police); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.").

III.

The Court thus finds that the complaint fails to plausibly allege that Planned Parenthood acted under the color of state law and fails to state a claim of civil conspiracy against Planned Parenthood. Accordingly, Planned Parenthood's motion to dismiss (doc. 2) is GRANTED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: March 31, 2023