UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALICIA HEALY,

           **Plaintiff,**

   v.                                                  Civil Action 2:22-cv-2074
                                                           Judge James L. Graham
**PLANNED PARENTHOOD OF**           Magistrate Judge Chelsey M. Vascura
**GREATER OHIO,** *et al.*,

           **Defendants.**

## OPINION AND ORDER

Plaintiff, Alicia Healy, brings this action under 42 U.S.C. § 1983 against Defendants, the City of Columbus and Columbus Police Department Officer Edward Chung,[1] arising out of Plaintiff's allegedly unlawful arrest for trespassing and subsequent prosecution. This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 44). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

                                        I.      BACKGROUND

Plaintiff commenced this action on April 29, 2022. (Compl., ECF No. 1.) Discovery was initially stayed pending resolution of Defendants Planned Parenthood of Greater Ohio and Planned Parenthood – East Columbus Surgical Center's Motion to Dismiss. After that motion was granted, the Court entered a Preliminary Pretrial Order on April 17, 2023, reflecting the parties' agreement that "[m]otions or stipulations addressing the parties or pleadings, if any,

---

[1] Additional Defendants Planned Parenthood of Greater Ohio and Planned Parenthood – East Columbus Surgical Center were dismissed on March 31, 2023 (ECF No. 23).

must be filed no later than July 17, 2023"; that "[a]ll discovery shall be completed by November 24, 2023"; and that "[c]ase dispositive motions shall be filed by January 26, 2024." (ECF No. 26.)

On May 4, 2023, Defendants served their First Set of Interrogatories and Request for Production of Documents on Plaintiff. (*See* Pl.'s Mot. 2, ECF No. 44.) At that point, however, discovery in this case appears to have ground to a halt until November 2023. Plaintiff asserts she was unable to respond to Defendants' discovery requests (or, apparently, to engage any other discovery efforts) until November 22, 2023, because her counsel "was embroiled in some uniquely contentious litigation in the Warren County Court of Common Pleas from April through October 2023." (*Id.*)

Defendants did not bring Plaintiff's failure to engage in discovery to the Court's attention. Instead, the parties jointly sought and obtained two extensions of the case schedule, such that the close of discovery was ultimately extended to March 7, 2024, and the dispositive motions deadline was extended to April 25, 2024. (ECF Nos. 28, 37.) On February 21, 2024, Plaintiff deposed Officer Chung, who testified that he had never received training on the implied invitation doctrine. (Chung Dep. 77–78, ECF No. 44-1, PAGEID #163–64.) Two days later, Plaintiff informed Defendants that Plaintiff would be seeking additional testimony from the City of Columbus under Federal Rule of Civil Procedure 30(b)(6) regarding the City's policies and training regarding enforcement of the City's trespass ordinance. (Feb. 23, 2024 Email, ECF No. 44-1, PAGEID #167.) Plaintiff further served written discovery requests directed to the same topics on February 28, 2024. (ECF No. 44-1, PAGEID #170–72.)

After being reminded by Plaintiff's counsel that their responses to Plaintiff's first set of discovery requests (served December 22, 2023) were overdue, Defendants served their written

2

responses on March 4, 2024. One of Defendants' interrogatory answers stated that "Officer Chung did not violate or exceed in any way the authority bestowed on him as a police officer" and that "[b]y witnessing a crime, Officer Chung had probable cause to arrest the violator and/or issue a citation. This course of action is consistent with CPD directives and protocols." (Defs.' Ans. to Interrog. No. 3, ECF No. 44-1, PAGEID #180.)

Plaintiff's Motion for Leave to File First Amended Complaint followed on March 6, 2024. (ECF No. 44.) Therein, Plaintiff seeks leave to amend her Complaint to accomplish "(i) the elimination of any references to John Doe Defendants One through Five; (ii) the correction of typographical errors/omissions that originally appeared in Paragraphs 2.2, 4.8, 4.19, and 7.2, (iii) the addition of footnote one giving notice of electronic (video) evidence to be filed as Exhibit 1 to the *First Amended Complaint*, and (iv) the addition of Paragraphs 4.28 and 4.29 to expand Plaintiff's substantive allegations bearing on municipal liability." (*Id.* at 2.) Defendants challenge only the last category of proposed amendments relating to allegations of municipal liability. (Defs.' Mem. in Opp'n, ECF No. 47.) In that regard, Plaintiff argues that amendment is warranted at this time because Plaintiff was put on notice for the first time by Officer Chung's February 21, 2024 deposition testimony and Defendants' March 4, 2024 interrogatory answers that Plaintiff may have meritorious claims against the City of Columbus for failure to train and for ratification of Officer Chung's actions. (Pl.'s Mot. 4, ECF No. 44.)

## II.     STANDARDS GOVERNING PLEADING AMENDMENTS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The

3

primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.  ANALYSIS

Rule 16(b)(4) requires the Court to consider two factors: Plaintiff's diligence in seeking the extension and potential prejudice to the opposing parties. Here, Plaintiff's requested amendment would create little, if any, prejudice to Defendants. The proposed amendments to the Complaint would add additional factual allegations regarding the City of Columbus's municipal liability, but Plaintiff's original Complaint already contained allegations directed toward municipal liability. And the additional facts on which the proposed amendments rely have always been in Defendants' possession. To the extent Plaintiff's proposed amendments would require additional discovery, Plaintiff has requested, and Defendants have not opposed, a 60-day extension of the discovery period regardless of whether leave to amend is granted. Defendants will therefore have the opportunity to conduct any discovery necessitated by the amendments. *Cf. Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."). The undersigned finds Defendants' prediction that the necessary discovery (including depositions of additional third-party witnesses, potentially re-deposing Plaintiff and other witnesses, and identification of the relevant decision-maker who reviewed Officer Chung's conduct) would cause the case to be "delayed by another year" to be overly pessimistic. However, should Defendants find that a 60-day discovery extension is not sufficient, they may move for a further extension. The case has not been pending so long that strict enforcement of the existing case schedule is necessary to prevent undue delay. The undersigned also notes that Defendants were sufficiently unconcerned about discovery delays in 2023 that they did not bring Plaintiff's failure to engage in discovery to the court's attention and joined in seeking two prior

extensions of the case schedule. The Court is therefore unable to discern any undue prejudice that would be caused by permitting the amendment.

Diligence poses a closer question. Plaintiff contends she was diligent because she sought additional discovery related to municipal liability within a week of Officer Chung's February 21, 2024 deposition testimony suggesting a basis for a failure-to-train theory of municipal liability, and because Plaintiff sought leave to amend her Complaint within two days of receiving Defendants' interrogatory answers suggesting a basis for a ratification theory of municipal liability. (Pl.'s Mot. 8, ECF No. 44.) Defendants contend that Plaintiff was not diligent because these facts could have been discovered months earlier had Plaintiff not unilaterally declined to participate in discovery while her counsel "was embroiled in some uniquely contentious litigation in the Warren County Court of Common Pleas from April through October 2023." (*Id.* at 2; Def.'s Mem. in Opp'n 6–7, ECF No. 47.)

Plaintiff certainly could have acted with more diligence. The undersigned further notes that press of other business is not good cause to modify a case schedule. *See*, *e.g.*, *McDonald v. Franklin Cnty., Ohio*, No. 2:13-CV-503, 2015 WL 7721187, at *2 (S.D. Ohio Nov. 30, 2015); *In Re Firstenergy Corp. Securities Litigation*, No. 2:20-CV-03785, 2024 WL 1155428, at *6 (S.D. Ohio Mar. 15, 2024). Plaintiff's counsel is advised that any further delay occasioned by his choice to ignore this case in favor of others will not establish grounds for further extensions. However, in light of the not unreasonable delay and the resulting lack of prejudice to Defendants that would result from allowing the amendment, the Court finds good cause to permit Plaintiff to amend her Complaint under Rule 16(b)(4).

The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave when justice so requires." However, amendment may be denied "if the amendment is

brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson*, 633 F.3d at 495. For the reasons related to lack of prejudice and minimal delay outlined above, the Court finds that Plaintiff's amendment is not brought in bad faith or for dilatory purposes, and amendment will not result in undue delay.

Defendants' remaining arguments in opposition to Plaintiff's Motion to Amend relate to the alleged futility of Plaintiff's proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend her Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

7

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 44) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's First Amended Complaint, which is attached to her Motion at ECF No. 44-2.

It is further **ORDERED** that the case schedule is extended as follows:

- All discovery must be completed by **June 11, 2024**; and
- Any dispositive motions must be filed by **July 11, 2024.**

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE