**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Alicia T. Healy,** | : | |
| | : | **Case No. 2:22-cv-2074** |
| **Plaintiff,** | : | |
| | : | **Judge Graham** |
| **v.** | | |
| | : | |
| **Officer Edward Chung, et al.,** | : | **Magistrate Judge Vascura** |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court upon Plaintiff Alicia Healy's ("Healy") motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Doc. 91. Specifically, Healy seeks relief from this Court's March 31, 2023 Opinion & Order ("March Order") (doc. 23) dismissing Defendant Planned Parenthood of Greater Ohio ("PPGOH") from this case, as well as this Court's October 31, 2025 Opinion & Order ("October Order") (doc. 89) granting summary judgment in favor of Defendants Officer Edward Chung ("Chung") and the City of Columbus. Because Healy has shown no basis for relief from judgment, her motion is **DENIED**.

## STANDARD OF REVIEW

Federal Rule 60(b) provides a mechanism by which the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Rule provides various reasons for which a Court may grant a 60(b) motion, of which Healy identifies two for the purposes of her motion: first, relief may be granted on the basis of "newly discovered evidence that, with reasonable diligence,

could not have been discovered in time to move for a new trial under Rule 59(b);" second, the Court may grant such a motion for "any other reason that justifies relief." *Id.* However, "[a] Rule 60(b) motion must be denied if it is merely an attempt to relitigate previously decided issues." *Guzman v. Miley*, 94 F.3d 644 (6th Cir. 1996).

**DISCUSSION**

Regarding the March Order, Healy argues that the Court was "unduly dismissive of her legal arguments at the Rule 12(b)(6) stage," and that evidence produced in discovery after the March Order would yield a different outcome. Doc. 91, # 1870. As to the October Order, Healy argues that it is "deeply flawed in both its factual and legal analyses." *Id.* at # 1875.

In the October Order, the Court summarized the relevant factual background in this case as follows:

> This case arises out of a citation for trespassing. On May 1, 2020, Healy, an African American woman, attended a demonstration outside of the Planned Parenthood Surgical Center (the "Surgical Center") in Whitehall, Ohio. Among a dozen or so demonstrators that day, Healy was a first-timer. Officer Chung, a member of the Columbus Police Department, was working special duty as a security detail for the Surgical Center. While Healy was walking around the building in a "Jericho Walk," she entered a grassy area of the premises belonging to the Surgical Center. An individual serving as an escort for patients approached Healy and notified her that she was not allowed on the grassy area. The escort alerted Officer Chung, who also observed Healy on the grassy area. Officer Chung mistakenly believed that Healy was a different African American woman who had been warned to stay off the grassy area at a prior demonstration at the Surgical Center. Officer Chung detained and/or arrested Healy until he could verify her identity, after which he released her

> with a summons to appear in court on a citation of trespass. The charges against Healy were eventually dismissed.

Doc. 89, # 1845-46. Healy's complaint raised three (3) claims for monetary damages under 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must show a deprivation of a Constitutional right caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**I. No Grounds for Relief from the March Order.**

In the March Order, the Court dismissed PPGOH as a defendant because Healy did not allege facts establishing that PPGOH was acting under color of state law. Doc. 23, # 108. Healy contends that this was error because the Court "took an unduly restrictive view of both the factual allegations and the law." Doc. 91, # 1871. Erasing any doubt as to whether Healy is merely attempting to relitigate an already decided issue, this section of her motion quotes directly from her memorandum in opposition to PPGOH's motion to dismiss which the Court granted. Regardless, Healy's arguments are without merit.

Healy sought to include PPGOH as a defendant for these claims under the theory that PPGOH acted in concert with Defendants Chung and the City of Columbus when it hired Chung, a Columbus Police Officer, for security. The Court construed Healy's complaint to be asserting a claim for civil conspiracy, but because the word "conspiracy" did not appear anywhere in the complaint, the Court concluded that Healy had failed to meet Rule 8's notice pleading standard. Doc. 23, # 107. Nevertheless, the Court further concluded that even with liberal construction, Healy fell well short of pleading adequate facts in support of her theory. *Id.* Healy's

argument that the Court was "overly formulaic" in this analysis is not persuasive as grounds for relief. Doc. 91, # 1872.

Healy next argues that new evidence emerged in discovery which establishes that PPGOH and Chung were working in concert. For example, citing Chung's deposition testimony, Healy points out that PPGOH "gave him no specific guidelines for security, and most of his guidance came from another City Police Officer who had previously provided security for PPGOH." Doc. 91, # 1873. Healy refers to deposition testimony from PPGOH employees Cierra Damons and Sarah Anway to further support this point; i.e., that "there were no specific instructions to the police about what to do in the event a protestor entered [PPGOH] property." *Id.* at # 1874.

So, does a civil conspiracy arise among independent parties who do *not* discuss or coordinate their actions with one another? Unsurprisingly, Healy cites no authority which answers this question in her favor. As the Court explained in its March Order, "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." Doc. 23, # 107 (quoting *Hooks v. Hooks*, 771 F.2d 935, 944-45 (6th Cir. 1985). Anway's deposition testimony that she did not discuss how to handle trespassers because she "trusted the police officers to do their jobs," as quoted by Healy in her motion, does not establish the concerted action necessary to find that PPGOH acted under color of law. *See* doc. 91, # 1874 (quoting doc. 68-1, # 1051).

Finally, Healy asserts that "Chung's conduct throughout the Healy ordeal **was the conduct of a police officer**, not the conduct of a private security guard." *Id.*

(emphasis original). But the Court already assumed, in the March Order, that Chung was acting under color of state law. *See* doc. 23, # 106, n.2. Healy does not establish how Chung's conduct as a police officer imputed color-of-state-law status to a private organization that did not coordinate with him regarding that conduct.

**II. No Grounds for Relief from the October Order.**

In the October Order, the Court denied Healy's motion for summary judgment and granted summary judgment to Chung and the City of Columbus on Healy's three (3) claims. As to her claim against the City of Columbus, commonly referred to as a *Monell* claim, the Court found that summary judgment was warranted for the City of Columbus because the factual record clearly refuted Healy's theory of liability. As to Healy's Fourth Amendment claim, the Court concluded that genuine disputes of material fact precluded a determination as to whether Healy's Fourth Amendment rights were violated, but that, at worst, Chung's actions fell within qualified immunity's "ample room for mistaken judgments." Doc. 89, # 1859 (quoting *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). In the instant motion, Healy only challenges the Court's conclusions as to her Fourth amendment claim, largely rehashing her summary judgment position and otherwise raising arguments more appropriate for appeal.

**A. Fourth Amendment Claim.**

*i. Unlawful Detention.*

As noted above, the Court denied both parties' motions for summary judgment on the issue of whether Chung violated Healy's Fourth Amendment right to be free

of unreasonable seizure. After considering the evidence in the record, the Court determined that summary judgment was inappropriate in either direction due to unresolved questions of fact. In general, the questions of fact pertained to the information available to Chung when he detained Healy and whether that information constituted reasonable suspicion to justify detention or probable cause to justify an arrest.

For example, though Healy asserts it is "undisputed" that she promptly left the grassy area after being warned by patient escort Carolyn Heck that she was trespassing, Heck's deposition testimony offers a conflicting account, indicating that Healy was lingering and/or re-entered the grassy area, beyond what the video evidence shows.[1] *See* doc. 70-1, # 1191. This is a classic example of conflicting witness accounts requiring the credibility assessment of a fact-finding jury.

Healy, on the other hand, describes Heck's testimony as "a Big Lie that lured the Court into concluding Officer Chung faced conflicting stories at the scene." Doc. 91, # 1879. Therefore, Healy argues, the Court's conclusions on the Fourth Amendment claim "should be revisited, because no 'reasonable mind' could believe the fantasy that Heck injected into this case." *Id.* at # 1880. The Court thoroughly

[1] Additionally, Chung testified that he personally saw Healy on the grass after Heck notified him that she was trespassing. Doc. 79-1, # 1756. This occurred *after* Heck warned Healy that she was trespassing on the grass. *Id.* Therefore, Healy must have remained in the grassy area long enough for Heck to traverse the parking lot and notify Chung, or she re-entered the grassy area after having been warned by Heck that she was trespassing. The video evidence—all clips appearing to be recorded on phones by others demonstrating with Healy that day—contains a gap between the warning from Heck and Chung's seizure of Healy.

explained why that is not the case in the October Order. *See* doc. 89, # 1853-58. Healy's arguments for relief from this conclusion are not persuasive.

*ii. Qualified Immunity.*

In a section of her motion titled "Quality Immunity," Healy seeks relief from the Court's conclusion that Chung was entitled to qualified immunity. Doc. 91, # 1880. Specifically, Healy takes issue with the Court's discussion of three relevant cases: *State v. Barksdale*, 2 Ohio St. 3d 126, 443 N.E.2d 501 (1983), *Skovgard v. Pedro,* 448 F. App'x 538 (6th Cir. 2011), and *Logsdon v. Hains* 492 F.3d 334, 343 (6th Cir. 2007).

1. *Barksdale.*

Healy claims the Court's analysis of *Barksdale* is "befuddling because it is unnecessarily nuanced, addresses issues Healy never advanced, and even doubts whether [the surgical center] was 'open to the public.'" Doc. 91, # 1880. She contends that "the *Barksdale* privilege… protect[s] even the most unwelcome customers *until* they are asked to leave," and that Chung was incompetent for not knowing such "an amazingly simple concept." *Id.* at # 1881. But, as the Court thoroughly explained in the October Order, Chung understood that trespass only follows sufficient notice to the trespasser that they are not permitted to enter or remain on the premises. *See* doc. 89, # 1852. And Chung had numerous reasons to believe that Healy had sufficient notice, as the Court also explained in the October Order. *Id.* at # 1854-58. Healy's befuddlement is no grounds for relief under Rule 60(b).

2. *Skovgard* and *Logsdon*.

Healy next takes issue with the Court's discussion of two Sixth Circuit cases dealing with similar, but not identical facts. In *Skovgard v. Pedro,* 448 F. App'x 538 (6th Cir. 2011), two antiabortion protestors were arrested based on the arresting officers' mistaken belief that they were on clinic property, when in fact they were on public property. The Sixth Circuit affirmed that the officers had no duty to investigate property boundaries when they had reasonably trustworthy information about them, even if it was ultimately erroneous. *Id.* at 546-47. In *Logsdon v. Hains* 492 F.3d 334 (6th Cir. 2007), a man demonstrating outside of an abortion clinic was arrested (on public property) for criminal trespass after he had entered the clinic parking lot to retrieve his antiabortion sign which a member of the clinic had removed from a neighboring fence. The Sixth Circuit reversed the District Court's dismissal of the plaintiff-demonstrator's ensuing § 1983 action because "officers initially assessing probable cause to arrest may not off-handedly disregard potentially exculpatory information made readily available by witnesses on the scene." *Id.* at 343. The Court discussed both cases in its October Order, ultimately concluding that *Skovgard* was the better guide due to Chung having personally witnessed Healy on the Surgical Center's property. *See* doc. 89, # 1860-61.

Healy argues that *Logsdon* is the more apt case because she contends that Chung failed to consider the potentially exculpatory information shouted to him by the other demonstrators (e.g., that Healy had never visited the Surgical Center before, and thus was unaware of the property boundaries). The Court addressed this

argument in the October Order as well. *Id.* Chung's personal observation of Healy on the Surgical Center property distinguishes him from the officer in *Logsdon*, who relied entirely on a report of trespassing communicated via telephone, and disregarded other available sources of information. Furthermore, Chung's effort to identify Healy—an effort which she purposefully resisted (*see* doc. 82, # 1795)—was the appropriate means of investigating the potentially exculpatory information. Again, Healy has raised no grounds warranting relief from judgment on this issue.

iii. *Qualified Immunity not Barred by Factual Disputes.*

As a final point, Healy argues that the Court should not have concluded that Chung was entitled to qualified immunity upon a body of disputed facts. This, too, was specifically addressed in the October Order. *See* doc. 89, # 1858-59. In short, while the body of evidence presents issues in need of a fact finder, the world of reasonable possibilities contained therein does not include one in which Chung would have understood himself to be acting unlawfully by detaining Healy.

## CONCLUSION

Because Healy has identified no grounds justifying relief from this Court's Orders pursuant to Rule 60(b), Healy's motion is **DENIED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 16, 2026